UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIAN TAVARES LEWIS  (#335501)

VERSUS                                                              CIVIL ACTION

N. BURL CAIN, ET AL                                          NUMBER 07-464-RET-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ADRIAN TAVARES LEWIS  (#335501)

VERSUS                                                              CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 07-464-RET-DLD


### MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for to Dismiss.  Record document number 21.  The motion is not opposed.

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Linda Ramsey, Warden Burl Cain, Assistant Warden Richard Peabody, Assistant Warden Shirley Coody, Legal Programs Director David James, Legal Programs Director Trish Foster and Lt. Cindy Vannoy.  Plaintiff alleged that legal documents placed in storage on November 11, 2005 were lost in violation of his constitutional rights.[1]

---

[1]  Plaintiff's claims that a confiscated publication was destroyed while his appeal was pending, he was not permitted to check out a law book from the prison law library, a lost property claim was improperly dismissed as untimely, he received conflicting notice regarding the status of an administrative grievance, mail was returned to the plaintiff because it was not considered legal mail, a book the plaintiff ordered was returned to the publisher, a disciplinary board appeal was dismissed as untimely, mail room personnel failed to respond to his inquiries, he was denied indigent postage, legal correspondence was opened outside of his presence, he was not released from Camp J in retaliation for filing a lawsuit, and an administrative grievance was improperly rejected as untimely were previously dismissed.  Record document number 38.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Federal Rules of Civil Procedure 8(a)(2), a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. V. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. at 2200; *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however

---

[2] *Twombly* held that in some cases, a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state "[s]pecific facts" in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself suggests that its holding may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation, 127 S.Ct. at 1973 n.6. The instant case involves a § 1983 case with very few factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, — U.S. —, —, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Plaintiff alleged that on November 11, 2005, he placed two legal documents in storage. Plaintiff alleged that when he inspected his property bundle on January 4, 2006, the two legal documents were missing. Plaintiff alleged that on January 5, 2006, he filed a lost property claim. Plaintiff alleged that his lost property claim was denied.

Plaintiff alleged that he has been deprived of his property without due process of law. Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Signed in Baton Rouge, Louisiana, on April 22, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[3] Section 1915 of Title 28 was amended to add subsection (g) which provides the following:
> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.